UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEWITT MCGRIFF,

        Plaintiff,

 v.

SUPERINTENDENT KEYSER; SGT BUNCH; and DSP BURNETT,

        Defendants.

No. 17-CV-8619 (KMK)

OPINION & ORDER

Appearances:

Dewitt McGriff
Fallsburg, NY
*Pro Se Plaintiff*

Colleen K. Faherty, Esq.
Office of the New York State Attorney General
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

  Pro se Plaintiff Dewitt McGriff ("Plaintiff"), currently an inmate at Sullivan Correctional Facility ("Sullivan"), brings this Action, pursuant to 42 U.S.C. § 1983, against Defendants New York Department of Corrections and Community Supervision ("DOCCS") Superintendent William Keyser ("Keyser"), Deputy Superintendent of Security Burnett ("Burnett"), and Sergeant Timothy Bunch ("Bunch") (collectively, "Defendants"), alleging violations of his First and Eighth Amendment rights. (*See* Compl. (Dkt. No. 2).) Before the Court is Defendants' Motion To Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* Not. of Mot. (Dkt. No. 30).) For the reasons stated herein, the Motion is granted.

## I. Background

### A. Factual Background

The facts recounted below are taken from Plaintiff's Complaint and are assumed to be true for purposes of resolving the Motion.

Plaintiff alleges that on December 30, 2014, Bunch entered A-North Housing Unit, stood on a table, and made a speech. (Compl. ¶ 7.) Bunch said that if the metal rod from a broken mop wringer was not located he was going to keep Plaintiff and other prisoners locked in their cells all day "without anything." (*Id*.) Plaintiff was ordered in his cell where his water and light were turned off. (*Id*.) Thereafter, a search of the housing unit was conducted, and Plaintiff was left in his cell with the other prisoners. (*Id*. ¶ 8.)

Plaintiff is "a border line diabetic" and needs to constantly drink water. (*Id*.) Plaintiff is also a practicing Muslim and needs to pray five times a day. Before each prayer he has to conduct "woodu," a cleansing ritual as part of which he has to clean his body with water. (*Id*.) Plaintiff alleges he was unable to make woodu and therefore unable to pray. Plaintiff notified the housing unit officer and requested access to water so that he could pray, and the officer allegedly replied that "Bunch said the water is to remain off." (*Id*.)

Plaintiff alleges that Bunch came to his cell and Plaintiff told him he needed access to water, that he was feeling dizzy and dehydrated, and that he needed to make woodu in order to pray. (*Id*. ¶ 9.) Bunch allegedly replied, "fuck your religion, I am not turning shit back on until I find that metal rod, and I do not care about your being dizzy, you fall out, we will come get you when we find time." (*Id*.) Bunch then allegedly laughed and walked away. (*Id*.)

Plaintiff spoke to Bunch again later, "pleading with him" to allow him access to water. Bunch allegedly again ignored Plaintiff's request and told him he could die of thirst for all he

2

cared.  (*Id*. ¶ 10.)  Bunch allegedly walked away and told Plaintiff not to bother him anymore or he would issue him a misbehavior report.  (*Id*.)

The search of the housing unit allegedly took approximately eight hours.  (*Id*. ¶ 11.)  During that time Plaintiff allegedly had no access to water, lights, or bathroom facilities.  Plaintiff was "forced to defecate in the toilet, unable to flush the toilet, and subjected to other prisoners['] defecation fumes."  (*Id*.)

B.  Procedural Background

Plaintiff filed his Complaint on November 7, 2017.  (Compl.)  On November 8, 2017, the Court granted Plaintiff's request to proceed in forma pauperis.  (Dkt. No. 4.)  On November 14, 2017, and April 9, 2018, the Court issued Orders directing service on Defendants.  (*See* Dkt. Nos. 6, 17.)

On June 11, 2018, counsel for Defendants submitted a pre-motion letter to the Court requesting permission to file a Motion To Dismiss.  (*See* Letter from Colleen K. Faherty, Esq., to Court (Dkt. No. 27)).  On June 26, 2018, the Court granted Defendants' request to file a Motion To Dismiss and set a briefing schedule.  (*See* Dkt. No. 28.)

On July 25, 2018, Defendants filed their Motion To Dismiss and accompanying papers.  (Not. of Mot.; Defs.' Mem. of Law in Supp. of Mot. To Dismiss ("Defs.' Mem.") (Dkt. No. 31); Not. of Local Rule 12.1 Statement (Dkt. No. 32); Decl. of Colleen K. Faherty, Esq. ("Faherty Decl.") (Dkt. No. 33).)  On August 22, 2018, Plaintiff filed a Response to Defendants' Motion To Dismiss.  (*See* Pl.'s Mem. of Law in Opp'n to Mot. To Dismiss ("Pl.'s Mem.") (Dkt. No. 35).)

On August 24, 2018, counsel for Defendants requested an opportunity to supplement Defendants' Motion To Dismiss to reflect the fact that on July 26, 2018, subsequent to

3

Defendants filing their Motion To Dismiss, the New York State Court of Claims issued a decision regarding the exact issues in this Action. (*See* Letter from Colleen K. Faherty, Esq., to Court (Dkt. No. 34).) On August 30, 2018, the Court granted Defendants' request. (Dkt. No. 36.)

On September 11, 2018, Defendants filed their Reply in Further Support of their Motion To Dismiss and attached a copy of the Court of Claims decision. (*See* Defs.' Mem. of Law in Further Supp. of Mot. To Dismiss ("Defs.' Reply") (Dkt. No. 37); Reply Decl. of Colleen K. Faherty, Esq. ("Faherty Reply Decl.") (Dkt. No. 38).) On November 16, 2018, Plaintiff submitted an opposition to Plaintiff's supplemental filings. (Pl.'s Mem. of Law in Further Opp'n to Mot. To Dismiss ("Pl.'s Reply") (Dkt. No. 42).) On November 27, 2018, Plaintiff submitted a letter informing the Court that he had filed an appeal of the Court of Claim's decision with the Appellate Division. (*See* Letter from Dewitt McGriff to Court (Dkt. No. 43).)

II. Analysis

A. Standard of Review

"The standards of review under Rules 12(b)(1) and 12(b)(6) . . . are substantively identical." *Neroni v. Coccoma*, No. 13-CV-1340, 2014 WL 2532482, at *4 (N.D.N.Y. June 5, 2014) (quotation marks omitted) (citing *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003)), *aff'd*, 591 F. App'x 28 (2d Cir. 2015). "In deciding both types of motions, the Court must accept all factual allegations in the complaint as true, and draw inferences from those allegations in the light most favorable to the plaintiff." *Gonzalez v. Option One Mortg. Corp.*, No. 12-CV-1470, 2014 WL 2475893, at *2 (D. Conn. June 3, 2014) (citation and quotation marks omitted). However, "[o]n a Rule 12(b)(1) motion, . . . the party who invokes the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists,

whereas the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6)." *Id.* (citing *Lerner*, 318 F.3d at 128); *see also Sobel v. Prudenti*, 25 F. Supp. 3d 340, 352 (E.D.N.Y. 2014) ("In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." (citation and quotation marks omitted)). This allocation of the burden of proof is the "only substantive difference" between the standards of review under these two rules. *Fagan v. U.S. Dist. Court for S. Dist. of N.Y.*, 644 F. Supp. 2d 441, 446–47 & n.7 (S.D.N.Y. 2009).

    1. Rule 12(b)(1)

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (quotation marks omitted) (quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008), *vacated and superseded on reh'g on other grounds*, 585 F.3d 559 (2d Cir. 2009) (en banc)). "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and quotation marks omitted), *aff'd*, 561 U.S. 247 (2010); *see also United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question" (quotation marks omitted) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998))). "In adjudicating a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court may consider matters outside the pleadings." *JTE Enters., Inc. v. Cuomo*, 2 F. Supp. 3d 333, 338 (E.D.N.Y. 2014) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

2. Rule 12(b)(6)

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, quotation marks, and alterations omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation marks and alteration omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery

for a plaintiff armed with nothing more than conclusions.").

In considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (same). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).

Where, as here, a plaintiff proceeds pro se, the Court must "construe[] [the complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (quotation marks omitted); *see also Farzan v. Wells Fargo Bank, N.A.*, No. 12-CV-1217, 2013 WL 6231615, at *12 (S.D.N.Y. Dec. 2, 2013) (same), *aff'd sub nom. Farzan v. Genesis 10*, 619 F. App'x 15 (2d Cir. 2015). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and quotation marks omitted)).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted). However, when the complaint is filed by a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the

allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including statements by the plaintiff "submitted in response to [a] defendant's request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), and "documents that the plaintiff[] either possessed or knew about and upon which [he or she] relied in bringing the suit," *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *see also Vlad-Berindan v. MTA New York City Transit*, No. 14-CV-675, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014) (collecting cases and holding that a court may rely on factual allegations raised for the first time in a pro se plaintiff's opposition papers if consistent with the allegations in the complaint).

    B.  Collateral Estoppel

Defendants argue that the July 26, 2018, Court of Claims decision decided identical issues in this Action and that Plaintiff's claims are therefore barred by collateral estoppel. (Defs.' Reply 1–3.)

"The Full Faith and Credit Act, 28 U.S.C. § 1738, . . . requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (citation and quotation marks omitted); *LaFleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002) ("A federal court must apply the collateral estoppel rules of the state that rendered a prior judgment on the same issues currently before the court."). In this case, New York is the relevant state, as Defendants contend that a New York state court opinion bars Plaintiff's claims. *See Colon v. Coughlin*, 58 F.3d 865, 869 n.2 (2d Cir. 1995) ("We . . . look to New York law to determine the effect of [the plaintiff]'s Article 78 proceeding."). "Under New York law, collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or

8

proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same." *LaFleur*, 300 F.3d at 271 (citation and quotation marks omitted). "When it applies, collateral estoppel divests a federal district court of subject matter jurisdiction over the precluded issue." *Sank v. City Univ. of N.Y.*, No. 10-CV-4975, 2011 WL 5120668, at *3 (S.D.N.Y. Oct. 28, 2011). New York courts apply the doctrine "if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Colon*, 58 F.3d at 869; *see also Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 94 (2d Cir. 2005) (same). It must be "quite clear that these requirements have been satisfied, lest a party be precluded from obtaining at least one full hearing on his or her claim." *Colon*, 58 F.3d at 869 (quotation marks omitted). Thus, "[t]he party asserting issue preclusion bears the burden of showing that the identical issue was previously decided, while the party against whom the doctrine is asserted bears the burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding." *Id*. However, "[t]he doctrine of collateral estoppel 'is grounded on concepts of fairness and should not be rigidly or mechanically applied.'" *LaFleur*, 300 F.3d at 271 (quoting *D'Arata v. N.Y. Cent. Mut. Fire Ins. Co.*, 564 N.E.2d 634, 636 (N.Y. 1990)).

The New York Court of Claims held a trial via video conference on June 28, 2018 regarding the "alleged misconduct in turning off the water and electricity [in Plaintiff's] cellblock" on December 30, 2014. (Faherty Reply Decl. Ex. A (*McGriff v. State of New York*, Claim No. 126960, at 1 (N.Y. Ct. Cl. July 26, 2018).)[1] The state court specifically considered

---

[1] The Court takes judicial notice of the state court opinion and the transcript of the state court hearing. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) (noting that "a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including case law and statutes"); *Medcalf v. Thompson Hine LLP*, 84 F. Supp. 3d 313, 321 (S.D.N.Y. 2015) ("In considering a motion to dismiss, a court is permitted to

9

whether Plaintiff's "constitutional right to practice his religion" was violated, and whether he was subjected to "unsanitary conditions in his cell." *See McGriff*, Claim No. 126960, at 2. The facts discussed by the state court are nearly verbatim to the facts Plaintiff alleges in his Complaint in this Action. *Id*. at 1–2. After hearing testimony from both Sergeant Bunch and Plaintiff, and reviewing evidence the Parties submitted, the court concluded that "shutting off the water was justified in this situation" and found that "water was adequately provided to [Plaintiff] while he was confined to his cell during the cellblock search." *Id*. at 3. The court found that Bunch's testimony was credible—specifically, the court credited Bunch's testimony that large containers of water were provided to inmates during the cell search because a logbook supported Bunch's testimony. *Id*. Bunch also testified that inmates who needed to use the bathroom were patted down and escorted to the common-area bathrooms one at a time. On the other hand, the state court did not find Plaintiff's testimony credible because of inconsistencies in his statements. *Id*. The court ultimately concluded that appropriate measures were taken "to maintain inmates' access to water during the water shutoff and that defendant properly escorted inmates to the common-area bathroom when necessary." *Id*. at 4. Plaintiff has appealed this decision to the Appellate Division.[2] (Dkt. No. 43.)

---

take judicial notice of public records . . . ."). However, in taking judicial notice of such public records, the Court does so only to establish "the fact of such litigation," not for the truth of the matters asserted therein. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006); *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("If the court takes judicial notice, it does so in order to determine *what* statements [a document] contained— but *again not for the truth of the matters asserted*." (citation and quotation marks omitted)).

[2] Plaintiff thus has already sought the appropriate remedy for alleged improper conduct or error by the judge in his state court proceeding—specifically, he has initiated an appeal in state court. *See Esposito v. New York*, No. 07-CV-11612, 2008 WL 3523910, at *13 (S.D.N.Y. Aug. 8, 2008) ("If plaintiffs are correct that the state courts acted unconstitutionally, their proper recourse is to appeal to the higher courts of the state and then, if necessary, to the United States Supreme Court."). However, the filing of the appeal is of no consequence in evaluating the collateral estoppel effect of the Court of Claims' decision. "The law is clear that ordinarily the

Plaintiff argues that his hearing before the state court was not full and fair because the state judge did not properly consider grievances Plaintiff filed with DOCCS.³ (Pl.'s Reply 3–4.) Plaintiff contests the existence of the logbook the state court judge relied on, (*id.* at 6), and argues that no evidence was presented during the trial, and that the judge impermissibly determined the facts before the trial began, (*id.* at 6–7). Plaintiff attaches the transcript of the hearing before the state court to argue that the court reached a "factually infirm decision." (*Id.* at 13, 15–47.) However, quite contrary to Plaintiff's argument, the transcript further supports Defendants' argument that Plaintiff did indeed have a full and fair opportunity to litigate the exact allegations outlined in his Complaint in this Action.

The Court concludes that Plaintiff's claims are barred by collateral estoppel. *See Urena v. Winston*, No. 16-CV-9708, 2018 WL 5113954, at *5–6 (S.D.N.Y. Oct. 19, 2018) (holding that collateral estoppel precluded prisoner from relitigating his § 1983 claims based upon issues decided by the Second Department even where plaintiff alleged that the state court judge was biased and made errors in evidentiary rulings); *Kasiem v. Guzman*, No. 02-CV-6465, 2011 WL 4352387, at *4–5 (W.D.N.Y. Sept. 16, 2011) (holding that collateral estoppel precluded prisoner from relitigating his § 1983 claims based upon issues decided after a full trial on the merits in the

---

pendency of an appeal should not impact the collateral estoppel effect of an otherwise final and valid judgment." *Hayes v. Law Firm of Aiello & Cannick*, No. 10-CV-5511, 2013 WL 1187439, at *8 (S.D.N.Y. Mar. 21, 2013) (citation, alteration and quotation marks omitted); *see also Garner v. NGC Bodily Injury Trust*, No. 11-CV-6567, 2012 WL 3560816, at *4 (W.D.N.Y. Aug. 16, 2012) ("[E]ven if there were an unresolved appeal, that would not foreclose the application of collateral estoppel."); *Macfarlane v. Village of Scotia*, 86 F. Supp. 2d 60, 65 (N.D.N.Y. 2000) ("Generally, the possibility of appeal does not prevent application of the doctrine of collateral estoppel."); *Chariot Plastics, Inc. v. United States*, 28 F. Supp. 2d 874, 881 (S.D.N.Y.1998) ("[R]es judicata and collateral estoppel apply once final judgment is entered in a case, even while an appeal from that judgment is pending.").

³ Plaintiff's filings do not have consistent pagination. To avoid confusion, the Court cites to the ECF-generated page numbers at the top right corner of the relevant page.

New York Court of Claims); *D'Andera v. Hulton*, 81 F. Supp. 2d 440, 446 (W.D.N.Y. 1999) (same); *Wright v. Coughlin*, No. 85-CV-0624, 1987 WL 19633, at *2 (S.D.N.Y. Nov. 5, 1987) (same), *aff'd*, 868 F.2d 1268 (2d Cir. 1988); *see also Giakoumelos v. Coughlin*, 88 F.3d 56, 60 (2d Cir. 1996) (holding that collateral estoppel precluded prisoner from relitigating his § 1983 claims based upon issues decided in Article 78 state court proceedings even where plaintiff alleged state court judge was biased and made errors in evidentiary rulings); *Clyde v. Schoellkopf*, 714 F. Supp. 2d 432, 435–36 (W.D.N.Y. 2010) (same); *Graham v. Mahmood*, No. 15-CV-10071, 2008 WL 1849167, at *10 (S.D.N.Y. Apr. 22, 2008) (same). The state court considered the identical facts and legal issues that are before this Court and dismissed Plaintiff's claims after hearing testimony from both Plaintiff and Bunch, and after reviewing evidence submitted by the Parties. Plaintiff's conclusory allegations that the judge was biased and made errors in her evidentiary rulings do not suffice to demonstrate that he was denied a full and fair opportunity to litigate his claims before the state court. *See Urena*, 2018 WL 5113954, at *5–6 (holding that conclusory allegations that plaintiff was denied a fair hearing are insufficient to demonstrate denial of full and fair opportunity to litigate claims); *Yan Yam Koo v. N.Y.C. Dep't of Bldgs.*, No. 04-CV-9628, 2006 WL 963883, at *5 (S.D.N.Y. Apr. 12, 2006) (same).

Accordingly, all of Plaintiff's claims in this Action are barred by collateral estoppel and therefore dismissed. Because the Court dismisses Plaintiff's claims based on collateral estoppel, it need not consider Defendants' argument that Plaintiff otherwise fails to state a claim. (*See generally* Defs.' Mem.; Defs.' Reply.)

### III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is granted. Plaintiff's claims are dismissed with prejudice because they are barred by collateral estoppel and further

amendment would be futile. *See Azzawi v. Int'l Ctr. for Dispute Resolution*, No. 16-CV-548, 2016 WL 6775437, at *5 n.5 (S.D.N.Y. Nov. 14, 2016) (dismissing claim with prejudice because "the preclusive effects of a lower court judgment cannot be suspended simply by taking an appeal that remains undecided," and "[p]laintiff's pending appeal does not change the Court's conclusion that collateral estoppel" bars the claim (citation and quotation marks omitted)); *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, No. 08-CV-4207, 2012 WL 1038804, at *8 (E.D.N.Y. Mar. 28, 2012) (dismissing claim with prejudice because it was barred by collateral estoppel, even where state court appeal was pending because "it is well settled that state-court decisions still have collateral estoppel effect even though they are pending on appeal"); *Saunders v. N.Y.C. Dept. of Educ.*, No. 07-CV-2725, 2010 WL 2816321, at *16 (E.D.N.Y. July 15, 2010) (dismissing claims that were precluded by the doctrine of collateral estoppel with prejudice); *see also Lastra v. Barnes & Noble Bookstore*, No. 11-CV-2173, 2012 WL 12876, at *9 (S.D.N.Y. Jan. 3, 2012) (stating that even pro se plaintiffs are not entitled to file an amended complaint if the complaint "contains substantive problems such that an amended pleading would be futile"), *aff'd*, 523 F. App'x 32 (2d Cir. 2013).

The Clerk of the Court is respectfully directed to terminate the pending Motion, (Dkt. No. 30), enter judgment for Defendants, close this case, and mail a copy of this Opinion and Order to Plaintiff.

SO ORDERED.

DATED: March 29, 2019
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

13